People v De Leon Garcia (2022 NY Slip Op 50130(U))

[*1]

People v De Leon Garcia (Simon)

2022 NY Slip Op 50130(U) [74 Misc 3d 129(A)]

Decided on February 28, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 28, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Silvera, JJ.

570410/18

The People of the State of New York,
Respondent,
against
Simon De Leon Garcia,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Lyle E. Frank, J.), rendered March 16, 2018, after a nonjury trial, convicting him
of sexual abuse in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Lyle E. Frank, J.), rendered March 16, 2018, affirmed.
The verdict convicting defendant of sexual abuse in the third degree (see Penal Law
§ 130.55) was supported by legally sufficient evidence and was not against the weight of the
evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing
the court's determination concerning credibility and identification, including its evaluation of the
strengths and weaknesses of the testimony of the two identifying witnesses. The credited
testimony of the victim, as corroborated by a plain-clothes police officer, established that
defendant - who was initially observed standing on a subway platform while several trains passed
by - followed the female victim onto a crowded train and positioned himself "very close behind"
her before pressing his groin area repeatedly into her buttocks. Contrary to defendant's
contention, the reliable identifications by the victim - who "got a very good look peripherally" at
defendant - and the officer, who observed defendant in close proximity with an "unobstructed"
view throughout the incident, established that he was the individual who committed the
aforementioned acts (see People v
Horsford, 68 AD3d 556, 557 [2009], lv denied 14 NY3d 801 [2010]). 
Defendant's claim that he was entitled to a jury trial pursuant to People v Suazo (32
NY3d 491 [2018]) is unpreserved, since defendant did not request a jury trial or object to a bench
trial (see People v Bartley, 163
AD3d 435, 436 [2018], lv denied 32 NY3d 1063 [2018]; see generally People v Delorbe, 35
NY3d 112, 119 [2020]), and we decline to review it in the interest of justice. "Moreover,
quite apart from the lack of preservation, there is nothing on this record to afford a basis for
determination of the question now raised for the first time" (People v Johnson, 51 NY2d
986, 987 [1980]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 28, 2022