People v Barkat (2022 NY Slip Op 50984(U))

[*1]

People v Barkat (Hany)

2022 NY Slip Op 50984(U) [76 Misc 3d 137(A)]

Decided on October 12, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

As corrected in part through October 17,
2022; it will not be published in the printed Official Reports.

Decided on October 12, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570375/18

The People of the State of New
York, Respondent,
against
Hany Barkat,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Curtis Farber, J.), rendered April 25, 2018, after a nonjury trial,
convicting him of sexual abuse in the third degree and attempted forcible touching (two
counts), and imposing sentence.

Per Curiam.
Judgment of conviction (Curtis Farber, J.), rendered April 25, 2018, affirmed.
The verdict convicting the defendant of two counts of attempted forcible touching
(see Penal Law §§ 110.00, 130.52[1],[2]) and sexual abuse in the third
degree (see Penal Law § 130.55) was supported by legally sufficient
evidence and was not against the weight of the evidence (see People v Danielson, 9
NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility
determinations, including its resolution of alleged inconsistencies in testimony. The
victim's testimony, as corroborated by a plainclothes police officer who witnessed the
incident, established that defendant positioned himself directly behind the victim on a
subway train and repeatedly pressed his groin against the victim's buttocks in a "circular"
and "gyrating motion." When the victim attempted to step away from defendant, he
repositioned himself so that he could continue the described conduct. The court could
rationally infer that defendant's conduct was intentional touching for the purpose of
sexual gratification (see People v Cardona, 261 AD2d 202 [1999], lv denied
93 NY2d 967 [1999]), and was not accidental or inadvertent contact resulting from
the crowded conditions of the subway car (see People v Lopez, 168 AD3d 418, 419 [2019], lv
denied 33 NY3d 1033 [2019]).
Defendant's contention that he was constitutionally entitled to a jury trial on class B
misdemeanors rendering him deportable (see People v Suazo, 32 NY3d 491 [2018]), is unpreserved,
since defendant did not request a jury trial or object to a bench trial (see People v Bartley, 163
AD3d 435, 436 [2018], lv denied 32 NY3d 1063 [2018]; People v De Leon Garcia, 74
Misc 3d 129[A], 2022 NY Slip Op 50130[U][App Term 1st Dept 2022], lv
denied 38NY3d 1032 [2022]), and we decline to review it in the interest of justice.
"Moreover, quite apart from the lack of preservation, there is nothing on this record to
afford a basis for determination of the question now raised for the first time" (People
v Johnson, 51 NY2d 986, 987 [1980]). As an alternative holding, to the extent the
existing record permits review, we find that defendant did not meet his burden of
establishing deportability based on the charges he faced (People v Garcia, [*2]33NY3d 1137 [2022]). In any event, the issue is moot,
because on December 3, 2018, defendant was granted a cancellation of removal by an
immigration Judge.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: October 12, 2022